**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD W. DAVENPORT,

                           CASE NO. 14-14144

        *Plaintiff*,

                           DISTRICT JUDGE LINDA V. PARKER
*v.*                        MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIONER OF SOCIAL SECURITY,

        *Defendant*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO DISMISS**
**(Doc. 10)**

I.    **RECOMMENDATION**

      For the following reasons, **IT IS RECOMMENDED** that Defendants' Motion to

Dismiss (Doc. 10) be **GRANTED**.

II.    **REPORT**

    A.    **Introduction**

      Plaintiff Ronald W. Davenport originally filed this action on July 10, 2014 in

United States District Court for the District of Columbia. (Doc. 1.) On October 28, 2014,

the case was transferred to this District and was referred to the undersigned magistrate

judge. (Docs. 3, 4, 5.)

      Plaintiff's claim arises under Section 552a of the Privacy Act of 1974—he asserts

that Defendant failed to correct his administrative record. Although he does not state

what needed to be corrected in the text of his complaint, an attached letter shows that he

believed that his "'Earnings Record'" needed correction. (Doc. 1 at ID 9-10.) Defendant filed the instant motion to dismiss on March 16, 2015 (Doc. 10), and Plaintiff responded on April 10, 2015. (Doc. 12.) Therefore, the Motion is ready for report and recommendation without oral argument. *See* E.D. Mich. L.R. 7.1(f)(2).

**B.** **Standard of Review**

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A*., 272 F.3d 356, 360 (6th Cir. 2001). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). Additionally, "'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443l, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment). When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

### C.    Governing Law and Analysis

### 1.    Arguments and Background Law

Defendant argues that (1) the Privacy Act claim is not ripe for adjudication and thus must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); (2) Plaintiff failed to exhaust his administrative remedies under the Privacy Act;

and (3) the complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Doc. 10.)

Plaintiff's complaint is not clear as to what he requested from Defendant or what portion of his earnings record needed correction. Defendant attached the letter sent by Plaintiff to the Social Security Administration's ("SSA") Service Center Director that Plaintiff relies on as evidencing his request for correction. The letter states as follows:

> In this instant Petition for a correction of the Administrative System of Records, statutorily defined as the 'Earnings Record' maintained upon this Petitioner, said Petitioner states that the ongoing collection activity compiled as the 'earnings record' by the Agency stands in contradistinction to the administrative law…[and] is an error prone compilation for there is no administrative determination that substantiates an Employee status as a 'covered employee.'…Furthermore, this Petitioner did NOT receive Notice of a corresponding administrative Determination issued for any one of the calendar years that authenticate the American Employer had legal standing to issue a collection of information for the purposes of annotating Federal Employment Taxes and Income Tax Withholding under the Agreement."

(Doc. 10 at ID 60.) Plaintiff adds that the "Wage and Income Tax Statement(s) was presumptively accepted by the Agency, in which said presumptive acceptance is invalid." (*Id.*) Plaintiff thus concludes that "[t]his fact of administrative invalidity substantiates the 'Earnings Record' has been compiled with invalid information." (*Id.*)

The Privacy Act of 1974 allows an individual to "bring a civil action against" an agency whenever that agency:

> **(A)** makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
>
> **(B)** refuses to comply with an individual request under subsection (d)(1) of this section;

(**C**) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or

(**D**) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual . . . .

5 U.S.C. § 552a(g)(1). The Act requires agencies to "establish procedures for reviewing a request from an individual concerning the amendment of any record or information pertaining to the individual, for making a determination on the request, [and] for an appeal within the agency of an initial adverse agency determination." 5 U.S.C. § 552a(f)(4). The Act further provides for civil remedies in the district courts of the United States. 5 U.S.C. § 552a(g)(1).[1]

The SSA has promulgated regulations that implement this provision of the Privacy Act and which detail the process for requesting a correction of records kept by the SSA. 20 C.F.R. § 401.65. The regulation expressly states that it "applies to all records kept by

---

[1]Section 552a(g)(5) of the Privacy Act establishes a two-year statute of limitations for Privacy Act claims:

An action to enforce any liability created under this section may be brought . . . within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

5 U.S.C. § 552a(g)(5). "The limitations period for a Privacy Act claim begins to run when the plaintiff knows or has reason to know (or 'should have known') of the alleged violation by a federal agency." *Boyd v. United States*, 932 F. Supp. 2d 830, 835 (S.D. Ohio 2013).

SSA [] except for records of earning" and it cross-references 20 C.F.R. § 422.125 which it indicates "describes how to request correction of your earnings record." *Id*. 20 C.F.R. § 422.125(d) is entitled "Request for revision of earnings records" and provides that "[i]f an individual disagrees with a statement of earnings credited to his social security account, he may request a revision by writing to the Bureau of Data Processing and Accounts, Social Security Administration…or by calling at or writing to any social security district office or branch office." *Id*. The regulation also states that "[u]pon receipt of a request for revision, the Social Security Administration will initiate an investigation of the individual's record of earnings" and that "Form OAR-7008, 'Statement of Employment for Wages and Self-Employment,' is used by the Social Security Administration for obtaining information from the individual requesting a revision to aid the Administration in the investigation" and it calls on the individual who receives the form to make sure the "completed form" is "returned to that office" from which the form was obtained. *Id*.

Defendant references another set of regulations, i.e., 20 C.F.R. § 404.820 which is entitled "Filing a request for correction of the record of your earnings." Under this regulation, a "request for correction of an earnings record must be in writing and must state that the record is incorrect[,]" it must be signed, state the period being questioned, and "should describe, or have attached to it, any available evidence which shows that the record of earnings is incorrect." 20 C.F.R. § 404.820(b)(1)-(4). If the request is denied, "this determination may be appealed under the provisions of subpart J of this part." 20

6

C.F.R. § 404.820(g). The regulations provide for correction before and after the time limit ends. 20 C.F.R. § 404.821 and 20 C.F.R. § 404.822.

 2.  **Ripeness and Exhaustion**

Defendant argues that Plaintiff's letter did not meet the SSA regulation requirements to be considered a request for correction of his records because it did not include or describe evidence to show that his record of earnings is incorrect. (Doc. 10 at ID 46.) Defendant proffers an affidavit from Michelle G. Murray wherein she notes that Plaintiff's letter requested his record "reflect the fact that there is no legal documentation authorizing agency tabulation of wages for Purposes of Federal Employment taxes and Income tax withholding." (Doc. 10 at ID 56 and 59-61.)

Ms. Murray states that because the letter was "very vague and confusing[,]" the SSA "could not determine what Mr. Davenport was requesting from the agency." (Doc. 10 at ID 56.) As a result, the letter was placed in the general, miscellaneous workload rather than the fast track given to Privacy Act requests. *Id.* Ms. Murray adds that the letter also failed to satisfy the following requirements of 20 C.F.R. § 404.820(b): that the letter state that the record is incorrect, that it state the period being questioned, and that it either include or describe any available evidence to show the record is incorrect. (Doc. 10 at ID 57.) Defendant contends that once Plaintiff submits the proper request, it will be processed. (Doc. 10 at ID 47.)

Plaintiff responds that Defendant was statutorily required to answer his request within 10 days but failed to do so and that Defendant cannot claim "bureaucratic

arrogance" to justify its position, especially when Defendant has admitted receiving Plaintiff's letter. (Doc. 12 at ID 85-86.)

I note that the letter does not even allege that any "tabulation" or other record was incorrect, it simply asserts that such "tabulation" was somehow unauthorized because it lacked documentation. (Doc. 10 at ID 59-61.) In addition, Plaintiff's letter did not state the period of time questioned, nor did it describe, or have attached to it, "any available evidence, which shows that the record of earnings is incorrect" as required by 20 C.F.R. § 404.820(b)(1)-(4). It is therefore understandable that Defendant was unable to discern the purpose of Plaintiff's letter.

Ripeness requirements are "prudential" rather than "jurisdictional," so courts "'need not follow it when its application would not accord with sound process.'" *A Forever Recovery, Inc. v. Township of Pennfield*, 606 F. App'x 279, 282 (6th Cir. 2015) (citation omitted). Without deciding whether sound process would allow ripeness requirements to be mandated, I suggest that exhaustion is a more relevant requirement to be considered.

Under the Privacy Act regulations, 20 C.F.R. § 401.65, any disagreement with the SSA's decision not to correct a record should be "resolved through the SSA appeal process." Even though "'the Privacy Act contains no express statutory requirement of exhaustion of administrative remedies,' under the jurisprudential exhaustion doctrine, as a general matter, a litigant must still exhaust available administrative remedies." *Lowe v. Colvin*, 582 F. App'x 323, 325(5th Cir. 2014) (citation omitted).

In the instant case, Plaintiff has not attempted to resolve his grievance through the SSA appellate process. Plaintiff filed the instant lawsuit because he did not receive a response to his letter from the agency; thus, Plaintiff did not even receive an answer to his request that could be appealed within the SSA. Since the process has not yet begun, Plaintiff has failed to exhaust the remedies available within the SSA. Since Plaintiff has failed to exhaust his claim, I suggest that Defendant's motion to dismiss be granted on this ground. Since I recommend dismissal without prejudice based on a failure to exhaust, I do not address Defendant's alternative argument that Plaintiff's complaint fails to state a claim upon which relief can be granted.

Plaintiff should take care to follow the above-delineated requirements for requesting correction, including a clear statement of what portion of his record needs correction, if any, and the requirements for exhaustion before filing suit again.

### D. Conclusion

For all the reasons stated above, I recommend that Defendant's Motion to Dismiss (Doc. 10) be granted and the case dismissed without prejudice.

## III. <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155;

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 31, 2015                    S/ PATRICIA T. MORRIS
                                         Patricia T. Morris
                                         United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class mail to Ronald W. Davenport at 50802 McAlees Drive, Macomb, MI 48044.

Date: August 31, 2015                    By s/Kristen Krawczyk
                                         Case Manager to Magistrate Judge Morris