UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD W. DAVENPORT,

Plaintiff,

v.

Case No. 14-14144
Honorable Linda V. Parker

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.
________________________________/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S AUGUST 31, 2015 REPORT AND RECOMMENDATION [ECF NO. 13] AND GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 10]**

Plaintiff initiated this lawsuit in the District Court for the District of Columbia, claiming that Defendant failed to correct his administrative record in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a. Plaintiff's Complaint was transferred to this District and, on March 16, 2015, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6). Plaintiff filed a response to the motion on April 10, 2015. The matter has been referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 31, 2015, Magistrate Judge Morris issued an R&R recommending that this Court grant Defendant's motion to dismiss. (ECF No. 13.) Magistrate Judge Morris concludes that Plaintiff did not comply with the applicable regulations to request a correction of records kept by the Social Security Administration and that he, therefore, did not exhaust his administrative remedies before filing the current lawsuit. (*Id*. at Pg ID 102.) Magistrate Judge Morris recommends that the Court dismiss without prejudice Plaintiff's Complaint. (*Id*.)

At the end of the R&R, Magistrate Judge Morris informs the parties that they must file any objections within fourteen days. (*Id*. at Pg ID 102-03.) She further advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id*., citations omitted). Plaintiff filed objections to the R&R on September 22, 2015.[1] (ECF No. 14.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions to an R&R waives any further right to appeal on those issues.

[1] Although Plaintiff's objections are untimely, the Court is considering them in evaluating the R&R.

*See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In his objections, Plaintiff reiterates the argument made in response to Defendant's motion to dismiss: Defendant never responded to his request for a correction of his earnings record and thus violated the Privacy Act's requirement that a response be made within ten business days of a request. (ECF No. 14 at Pg ID 105-06.) As Magistrate Judge Morris explains in her R&R, however, Defendant's duty to respond to Plaintiff's communication was never triggered because he failed to comply with the agency's requirements for seeking a correction to his earnings record. The Privacy Act expressly requires, and therefore empowers, agencies to establish such procedures. *See* 5 U.S.C. § 552a(f)(4).

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Morris' August 31, 2015 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 10) is **GRANTED** and the Court is **DISMISSING WITHOUT PREJUDICE** Plaintiff's Complaint.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 13, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 13, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager