UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD W. DAVENPORT,

      Plaintiff,

v.

Case No. 14-14144
Honorable Linda V. Parker

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 17]**

     Plaintiff initiated this lawsuit in the District Court for the District of Columbia, claiming that Defendant failed to correct his administrative record in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a.  Plaintiff's Complaint was transferred to this District and, on March 16, 2015, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6).  In an Opinion and Order issued on September 13, 2016, this Court adopted Magistrate Judge Morris's Report & Recommendation ("R&R"), granting Defendant's motion to dismiss and dismissing Plaintiff's complaint without prejudice.  (ECF No. 15 at Pg ID 113.)

1

Presently before the Court is Plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 17.) Rule 60(b)(6) permits a court to grant relief for "any other reason that justifies" it; however, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). In his motion, Plaintiff also submits to the Court new evidence that was not accessible prior to the September 13, 2016 opinion. (*See* ECF No. 17 at Pg ID 116.) Rule 60(b)(2) allows a court to grant relief based on "newly discovered evidence." Fed. R. Civ. P. 60(b)(2).

Under Rule 60(b)(2), a party may move for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" To prevail, a party "must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)). The newly discovered evidence

"must have been previously unavailable." *Id.* (citing *GenCorp. Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

In the instant motion, Plaintiff states that per the magistrate judge's R&R, he submitted Form OAR-7008, titled "Statement of Employment for Wages and Self-Employment." (ECF No. 17 at Pg ID 120; *see also* ECF No. 13 at Pg ID 99.) He submitted this form on September 21, 2016 and it was delivered to Defendant on September 26, 2016. (ECF No. 17 at Pg ID 120.) Plaintiff alleges that Defendant has failed to respond within ten business days as required and that this failure is indicative of Defendant's "administrative wrongs." (*Id.*)

In this matter, Rule 60 is inapplicable. Rule 60 allows a party to present evidence that was available prior to final judgment, but could not be obtained through reasonable diligence. Fed. R. Civ. P. 60(b). Here, there was no evidence available prior to final judgment that would have led to a different judgment. Further, Plaintiff does not provide any legal support to justify this Court granting relief pursuant to Rule 60(b)(6).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from a judgment or order

3

```
```

(ECF No. 17) is **DENIED**.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: July 18, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 18, 2017, by electronic and/or U.S. First Class mail.

        s/ R. Loury
        Case Manager